# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL GORHAM, CAROL PEREA,

        Plaintiff(s),

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

        Defendant(s).

2:13-CV-2274 JCM (GWF)

**ORDER**

Presently before the court is the matter of *Gorham, et al., v. American Family Mutual Insurance Co.*, case no. 2:13-cv-2274-JCM-GWF.

The defendant has filed a motion to quash service and dismiss the case. (Doc. # 2). In accordance with Special Order 109, the clerks office split the motion and docketed a separate entry as a motion to dismiss. (Doc. ## 5, 6). The two motions are identical in substance. Accordingly, the court will address only the motion to dismiss (doc. # 5) and deny the motion to quash (doc. # 2) as moot.

**I.    Background**

This matter arises out of a motor vehicle collision in which plaintiffs Michael Gorham and Carol Perea were injured. At the time of the collision, Michael maintained an insurance policy with defendant American Family Mutual Insurance.

**James C. Mahan**
**U.S. District Judge**

On April 15, 2013, plaintiffs filed the instant complaint in Nevada state court. Plaintiffs' counsel at that time was Courtenay Lachenmaier. On May 21, 2013, Ms. Lachenmaier died. As of the time of her passing, plaintiffs' complaint had not been served on the defendant.

According to plaintiffs, Ms. Lachenmaier's client files were thereafter transferred to a probate firm, where they sat for several weeks. Plaintiff were notified of Ms. Lachenmaier's passing several weeks later, and the firm provided plaintiffs with their case files. According to plaintiffs, they were only provided with a small portion of their files along with the names of four attorneys.

Thereafter, plaintiffs contacted current counsel, who filed a motion in state court to extend the time in which to serve defendants. That motion was granted. Counsel then effectuated service, and the case was removed to this court. Defendant now moves to quash service and dismiss the complaint.

**II.     Discussion**

The federal rules require a plaintiff to serve the defendant with a copy of the summons and complaint within 120 days from the filing of the complaint. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.*

Although plaintiffs admit they did not serve the defendant within the requisite time period, they argue good cause exists to excuse their failure. In particular, plaintiffs assert that Ms. Lachenmaier succumbed to cancer within one month of filing the complaint, the case file was transferred to a probate firm where it remained for several weeks, between one and two months passed before plaintiffs were aware that Ms. Lachenmaier had passed away (the exact duration is disputed), and current counsel filed a motion to extend time to serve in state court, which was granted, and served the defendant immediately thereafter.

The determination of whether good cause exists is within the sound discretion of the trial court. *See, e.g., Whale v. United States*, 792 F.2d 951 (9th Cir. 1986). In the instant case, the court finds that the passing of plaintiffs' original counsel and the subsequent events regarding the transfer of the case files constitute good cause in which to excuse plaintiffs' failure to timely serve. Further,

James C. Mahan
U.S. District Judge

- 2 -

the defendant will not be prejudiced if the court excuses the failure.

## IV. Conclusion

The court finds good cause exists to excuse plaintiff's failure to comply with Rule 4(m). The motion to quash service and dismiss is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (doc. # 5) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to quash (doc. # 2) be, and the same hereby is, DENIED as moot.

DATED January 27, 2014.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**